IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OSCAR FRONTERA, 52027-019,  )  <br> Plaintiff,  ) <br>   ) <br> v.   ) <br>   ) <br> HELEN HARRIS, et al.,   ) <br> Defendants.   ) | Civil Action No. 06-64 J |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Defendants' Motion to Dismiss as to defendant Lappin, and Motion for Summary Judgment as to the remaining defendants (Docket No.19) be granted and that judgment be entered accordingly and that the plaintiff's motion for the appointment of counsel (Docket No.22) be dismissed as moot.[1]

II. Report:

Oscar Frontera, who at the time this suit was commenced was an inmate at the Federal Correctional Institution at Loretto and presently resides in a half-way house in Atlanta, has present a civil rights complaint which he has been granted leave to prosecute in forma pauperis.

In his complaint, Frontera contends that commencing on or about March 7, 2005 and continuing through the execution of the complaint, the defendants conspired to violate his

---

[1] We note that the basis of the Motion to Dismiss submitted on behalf of defendant Lappin is lack of personal jurisdiction. Clearly, as explained above this argument is meritorious and the motion should be granted. However, we also note that if in fact personal jurisdiction did exist as to Lappin, he would be entitled to summary judgment for the reasons set forth above as to all defendants.

attorney-client privilege, the right to privacy in his legal correspondence and his right to access the courts. Specifically, he contends that on March 7, 2005, he received legal mail from his attorney which Counselor Harris did not permit him to retain; that on March 15, 2005, he spoke with Counselor Eckenrode who informed him that the confiscated documents would be placed in his central file and could be viewed at a later time; that on March 28, 2005, his request to access the documents was unanswered; that at an April 9, 2005 meeting with Eckenrode, Brodmerkel, and Auman, he was presented with a docket sheet and informed that it was the only document in his file; that on April 13, 2005, he was approached by Auman who related that Harris agreed to make all the documents available for his inspection in her presence; that on May 3, 2005, he requested access to the documents from Harris who did not respond to his request; that on June 21, 2005, he requested the documents as well as an explanation of the legal authority for their confiscation from Eckenrode; that on June 29, 2005, Harris agreed to permit the plaintiff to view the documents for thirty minutes; that on July 5, 2005, he again requested the legal authority for retaining his documents from Eckenrode; that Auman replied that legal documents can be opened in an inmate's presence, examined for contraband and are retained in the inmate's file, and that as a result of these actions the plaintiff alleges he experienced emotional distress.

    These acts, the plaintiff contends, give rise to a <u>Bivens</u>[2] action submitted pursuant to 42 U.S.C. 1983 and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. Named as defendants and movants here are Harris, Brodmerkel, Auman, Warden Yost, NE Regional Prison Director Dodrill and Lappin who is the Director of the Bureau of Prisons.

---

[2] <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

Defendant Lappin now moves to dismiss on the grounds of lack of personal jurisdiction. In support of his motion, Lappin has submitted a declaration in which he states that he does not reside, work in or own real property in Pennsylvania. Accordingly, he is not subject to service arising from this Court.[3] Rule 4(f), F.R.Civ.P.  In addition, the complaint does not contain any allegations of acts of omission or commission or policy which would implicate Lappin. Thus, any claims against him must arise under a theory of respondeat superior, a concept which does not permit §1983 liability. A.M. v. Luzerne, 372 F.3d 572 (3d Cir.2004). We note that for this same reason, defendant Dodrill is also not subject to liability.

The defendants, other than Lappin, move for summary judgment on the grounds that the plaintiff has failed to exhaust the available administrative remedies. The Prison Litigation Reform Act provides in 42 U.S.C. § 1997(e)(a) that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

See: Santana v. United States, 98 F.3d 752 (3d Cir. 1996). This requirement also has a procedural default component. Spruill v. Gillis, 372 F.3d 218 (3d Cir.2004).

In support of their motion, the movants have presented the declaration of Joyce Horikawa in which she represents that she is a Senior Attorney Advisor at the Federal Bureau of Prisons, and has access to all records reflecting the processing of inmate grievances; that the Bureau of Prisons has a formal administrative procedure for resolving grievances which includes an informal effort; an appeal to the Warden; a further appeal to the Regional Director and ultimately an appeal

---

[3] See: Document 4 appended to the defendants' brief.

3

to the General Counsel of the Federal Bureau of Prisons; that administrative exhaustion requires pursuing all these channels; that computerized records of all such requests are maintained; that as a result of this litigation, she accessed the computerized records from which she was able to determine that the plaintiff "had not exhausted his available administrative remedies with respect to any of the issues raised in [this civil action]."[4]

Additionally, in her declaration regarding the incident, Helen Harris states that on March 7, 2005, the plaintiff received the legal mail in question which was opened in her presence in accordance with Bureau of Prison's policy; that some of those materials regarding the plaintiff's criminal case involved documents relating to his charges of sexual enticement and child pornography; that because these documents raised institutional and personal safety concerns she withheld them but informed the plaintiff that he could access them "by asking any member of his Unit Team"; that she then placed the documents in the plaintiff's file, and that she has no recollection of the plaintiff requesting access to those materials.[5]

The plaintiff has not responded to this submission.

Because it is clear from the record here, that the plaintiff failed to exhaust his administrative remedies, it would appear that summary judgment in favor of the defendants is appropriate. In addition, we note that, because the documents in question were considered dangerous to the plaintiff's welfare as well as that of others in the institution, this exercise of discretion should be accorded deference. Sandin v. Conner, 515 U.S. 472 (1995).

For the reasons, set forth above, it is recommended that the Defendants' Motion to

---

[4] See: Defendants' brief, Document 1 at pp.1-2 and its supports.

[5] See: Defendants' brief, Document 3 at pp.1-2.

Dismiss as to defendant Lappin, and Motion for Summary Judgment as to the remaining defendants (Docket No.19) be granted and that judgment be entered accordingly.

The plaintiff has also submitted a motion for the appointment of counsel (Docket No.22). Because of the recommended disposition of the merits, it is also recommended that this motion be dismissed as moot.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Entered: September 21, 2006					United States Magistrate Judge